# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

VALENTA THOMPSON, )
)
        Petitioner, )
)
v. ) **Case No. CIV 10-190-RAW-KEW**
)
JUSTIN JONES, DOC Director, )
)
        Respondent. )

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Davis Correctional Facility in Holdenville, Oklahoma, attacks his conviction in Muskogee County District Court Case No. CF-2006-754 for First Degree Rape of L.K. (Count 2), Kidnapping of L.K. (Count 6), and Oral Sodomy (Count 9), all after former conviction of two or more felonies.[1] He sets forth the following grounds for relief:

    I.    Denial of due process and a fair trial by the SANE nurse's testimony which exceeded acceptable limits of forensic science and comprised plain error.

    II.    Petitioner was prejudiced by the prosecutor's improper questioning of a prosecution witness, allowing testimony regarding plea discussions.

    III.    Ineffective assistance of trial counsel.

    IV.    Petitioner was prejudiced by the prosecutor's argument misleading the jurors to believe they had a duty to enforce the law by convicting him.

The respondent concedes that petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review and has submitted the following records to the court for consideration in this matter:

---

[1] The jury also convicted petitioner of Anal Sodomy of L.K. (Count 4), Intimidation of Witness M.G. (Count 11), and two misdemeanor counts of Assault and Battery (Counts 7 and 8). On direct appeal Counts 4 and 11 were reversed and remanded, because the jury was not instructed on the essential elements of the crimes. *Thompson v. State*, No. F-2008-60, slip op. at 2-3 (Okla. Crim. App. May 21, 2009).

    A.      Petitioner's direct appeal brief.

    B.      The State's brief in petitioner's direct appeal.

    C.      Summary Opinion affirming petitioner's judgment and sentence. *Thompson v. State*, No. F-2008-60 (Okla. Crim. App. May 21, 2009).

**Ground I: Testimony by SANE Nurse**

Petitioner was charged with first degree rape and sodomy of two women, L.K. and M.G. He alleged in his direct appeal that he was unfairly prejudiced by the testimony of SANE nurse Rebecca Smith, whose testimony exceeded acceptable limits of forensic science with respect to her examination of L.K., her opinion about the causes of the injuries, and whether the sexual contact was consensual or non-consensual. The OCCA denied relief, finding "the SANE nurse's testimony did not improperly tell jurors what result to reach." *Thompson*, No. F-2008-60, slip op. at 6.

> . . . A medical expert with specialized knowledge of sexual assaults may testify that a victim's injuries are consistent with forcible, rather than consensual, sexual activity. *Lott v. State*, 98 P.3d 318, 342-43 (Okla. Crim. App. 2004). . . . Most of the statements Thompson claims as error were made regarding M.G.'s SANE examination. Thompson was acquitted of the sex offenses naming M.G. as a victim and cannot have been harmed by these statements. Thompson did not request a *Daubert* hearing on the admissibility of the SANE exam testimony and the trial court did not err in failing to hold such a hearing *sua sponte*.

*Thompson*, No. F-2008-60, slip op. at 6-7 n.12

The respondent alleges this issue of admissibility of evidence is purely a matter of state law and is not proper for federal habeas review. Erroneous evidentiary rulings are not grounds for federal habeas relief, unless the rulings render the state proceedings so fundamentally unfair as to violate due process. *See Williamson v. Ward*, 110 F.3d 1508, 1522-23 (10th Cir. 1997).

> As a general matter, federal habeas corpus relief does not lie to review state law questions about the admissibility of evidence, *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), and federal courts may not interfere with state evidentiary rulings unless the rulings in question rendered "the trial so fundamentally unfair as to constitute a denial of federal constitutional rights," *Tucker v. Makowski*, 883 F.2d 877, 881 (10th Cir. 1989) (quotations and

citations omitted).

*Moore v. Marr*, 254 F.3d 1235, 1246 (10th Cir.), *cert. denied*, 534 U.S. 1068 (2001).

After careful review the court finds the OCCA's resolution of petitioner's evidentiary objections was based on interpretation of state law, and any alleged evidentiary errors were not so grossly prejudicial that petitioner was denied a fair trial. This ground for habeas relief fails.

**Grounds II and IV: Prosecutorial Misconduct**

Petitioner asserts in Ground II that while questioning the investigating officer, the prosecutor improperly injected the highly prejudicial implication that plea discussions had occurred with petitioner. In Ground IV he claims he was prejudiced by the prosecutor's argument that misled the jurors to believe they had a duty to enforce the law by convicting him.

*Standard of Review*

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> In a habeas corpus action, claims of prosecutorial misconduct are reviewed only for a violation of due process. *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986). "[N]ot every trial error or infirmity which might call for application of supervisory powers correspondingly constitutes a failure to observe that fundamental fairness essential to the very concept of justice." *Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974) (citations and quotations omitted). In order to be entitled to relief, [petitioner] must establish that the prosecutor's conduct or remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id.* at 643. This determination may be made only after considering all of the surrounding circumstances, including the strength of the state's case. *See Darden*, 477 U.S.

3

at 181-82.

*Malicoat v. Mullin*, 426 F.3d 1241, 1255 (10th Cir. 2005), *cert. denied*, 547 U.S. 1181 (2006). Applying those standards, the court will consider the individual instances of alleged misconduct invoked by petitioner.

*Plea Bargain Statements*

Petitioner complains in Ground II that the prosecutor improperly asked Sgt. Martin about plea negotiations between petitioner and the State. The record shows defense counsel asked Martin in cross-examination why it took eight or nine months "to even seek a search warrant to do this DNA testing . . . ." (Tr. 514). On re-direct examination the prosecutor asked Sgt. Martin whether the delay in submitting evidence to the Oklahoma State Bureau of Investigation could have been affected by "plea bargains and things of that nature." (Tr. 516). Defense counsel objected, and the prosecutor said she was only "speaking generally" and not "directly about this case." (Tr. 516). The prosecutor then asked, "What might cause you to not send in evidence right after it was seized?" (Tr. 516). Defense counsel renewed the objection. (Tr. 516-17).

In chambers, defense counsel argued the issue of a plea bargain had been injected twice, and those statements implied acknowledgment of guilt. (Tr. 517-18). Therefore, defense counsel asked for a mistrial. (Tr. 517). The prosecutor argued that defense counsel had "opened the door" for the testimony regarding plea negotiations, when defense counsel asked Sgt. Martin about the delay in forensic test results. (Tr. 518). The court agreed that defense counsel had opened the door by asking Sgt. Martin where the evidence had been from September to July, and the prosecutor gave the witness the opportunity to explain the delay. (Tr. 519). The motion for a mistrial was denied. (Tr. 519).

The OCCA found the comments about plea arrangements was error, but no relief was warranted:

> We find . . . that the trial court erred in allowing the prosecutor to specifically refer to plea bargains, and elicit a similar reference to plea bargains from a witness. Evidence of plea bargains is inadmissible in a

4

criminal case. The State argues that the trial court was correct in holding that Thompson opened the door by asking about the delay in submission of evidence to the crime laboratory. This is not a case where a prosecutor asked an open-ended question exploring further a topic defense counsel had introduced, eliciting an improper response. Here, the prosecutor herself deliberately brought up an issue she knew to be inadmissible, injecting it into her question and implicitly encouraging her witness to repeat the inadmissible evidence in a subsequent answer. This was error. However, our cases discussing this issue have conditioned relief on the specific contents of the inadmissible testimony. We have granted relief where testimony showed the defendant made statements in connection with and relevant to an actual offer to plead guilty. Even extending this to testimony that a defendant engaged in plea negotiations, the improper testimony here was not this definite. Although her question implied it, the prosecutor did not ask whether Thompson had entered into plea negotiations, and the witness's response to her subsequent question was very general. Under these circumstances, this error requires no relief.

*Thompson*, slip op. at 5-6 (footnotes omitted).

### *Duty to "Enforce the Law"*

In Ground IV petitioner alleges the prosecutor's closing argument denied him due process:

> Because, you see, law enforcement does not enforce the laws. They simply arrest those that they believe have committed the crimes. The prosecutor does not enforce the law. We only prosecute the case that the officer brings to us and we bring them to court. You, the jury, enforce the law of this country. The officer has done their [sic] job. I have now presented the evidence to you, and it is now time for you to do your part, enforce the laws of the State of Oklahoma. In by [sic] doing that, I ask that you find the defendant guilty. . . . I ask like you promised in voir dire that you won't legislate, that you won't say, well, these girls shouldn't have done that. Therefore, I'm not going to enforce the law. . . .

(Tr. 602-03, 619).

The OCCA denied relief, finding "the prosecutor did not tell jurors their job was to enforce the law by returning a guilty verdict." *Thompson*, slip op. at 7.

> We review for plain error. The statements in question did not explicitly demand justice from jurors or equate enforcement with a guilty verdict. They appear, instead to be an inept attempt at the common argument that police arrest criminals, the State prosecutes them, and jurors decide the facts of the case. While these statements skirt the line of acceptable argument, "error in argument will not warrant relief unless the defendant is deprived of a fair trial and has suffered prejudice." *Bell v. State*, 172 P.3d 622, 624 (Okla. Crim.

5

> App. 2007). The prosecutor's argument was focused on the idea that jurors should convict Thompson of all charges even if they were not sympathetic to the victims. Jurors acquitted Thompson of four counts. This suggests they were not improperly swayed by these statements.

*Thompson*, slip op. at 7 n.14.

After review of the record, the court finds petitioner was not denied due process by the prosecutor's statements, and the decision by the OCCA was not contrary to or an unreasonable application of clearly established federal law. The court further finds that the OCCA's decision was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Therefore, habeas relief is not warranted for Ground II or Ground IV.

**Ground III: Ineffective Assistance of Trial Counsel**

Petitioner claims his trial counsel was ineffective in failing to make unspecified objections and to prepare for trial. On direct appeal he claimed trial counsel failed to (1) request proper jury instructions, (2) effectively prepare for and challenge the SANE nurse's testimony, (3) challenge the sufficiency of the Information with regard to charge of anal sodomy of L.K., and (4) object to the prosecutor's improper closing argument.

"There is a strong presumption that counsel provided effective assistance of counsel and petitioner has the burden of proof to overcome that presumption." *United States v. Rantz*, 862 F.2d 808, 810 (10th Cir. 1988) (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984)), *cert. denied*, 489 U.S. 1089 (1989). In *Strickland* the United States Supreme Court set forth the two-part test for determining the validity of a habeas petitioner's claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687.

Without expressing an opinion on whether appellate counsel's performance was deficient, the court finds it is "easier to dispose of an ineffectiveness claim for lack of prejudice than to determine whether the alleged errors were legally deficient." *Davis v. Executive Director of Dep't of Corrections*, 100 F.3d 750, 760 (10th Cir. 1996), *cert. denied*, 520 U.S. 1215 (1997) (quoting *United States v. Haddock*, 12 F.3d 950, 955 (10th Cir. 1993)). "To establish prejudice under *Strickland*, [petitioner] must show there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694).

The OCCA found "counsel was not ineffective for failing to object to errors raised in Propositions I [jury instructions], IV [SANE nurse's testimony], V [sufficiency of the Information], and VII [prosecutor's argument to "enforce the law." *Thompson*, slip op. at 7.

> Thompson cannot show that counsel's performance was deficient and this deficient performance created errors so serious he was deprived of a fair trial with reliable results. *Harris v. State*, 164 P.3d 1103, 1114 (Okla. Crim. App. 2007); *Wiggins v. State*, 539 U.S. 510, 521 (2003); *Strickland v. Washington*, 466 U.S. 668, 697 (1984). We will not find counsel ineffective if a defendant shows no prejudice from counsel's acts or omissions. *Harris*, 164 P.3d at 1114-15. We found no errors in Propositions IV, V or VII. We granted relief on the instructional errors raised in Proposition I, and no further relief is necessary.

*Thompson*, slip op. at 7 n.15.

Because the OCCA reversed petitioner's convictions for Count 4 and Count 11, his ineffective assistance of counsel claim regarding instructions for those charges and the sufficiency of the Information for Count 4 are moot. As discussed above in Ground I, the testimony of the SANE nurse was proper. Petitioner has not shown he was prejudiced, so his ineffective counsel claim concerning this issue fails.

Finally, the court finds trial counsel was not ineffective in failing to object to the prosecutor's allegedly improper closing argument. As discussed above in Ground IV, the

7

prosecutor's arguments did not deny petitioner a fair trial, and petitioner has made no showing of prejudice arising from the comments.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 1st day of August, 2013.

**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**